Filed 1/22/25  P. v. Zhang CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064659 |
| v. | (Super. Ct. No. SWF2100006) |
| MICHAEL TONG SHUN ZHANG, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Riverside County, John M. Monterosso, Judge. Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

On August 2, 2024, Michael Tong Shun Zhang pleaded guilty to one count of murder and was sentenced to prison for 25 years to life. Zhang's counsel filed a notice of appeal, and the trial court granted his request for a certificate of probable cause. (Pen. Code, § 1237.5, subd. (b).)[1]

Appointed appellate counsel filed an opening brief summarizing the facts, but raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Zhang did not file a supplemental brief on his own behalf.

This court has independently reviewed the record. We agree with appointed counsel and find no arguable issues. Thus, we affirm the judgment.

## I.

## FACTS AND PROCEDURAL BACKGROUND

On January 29, 2021, the People filed a felony complaint charging Zhang and two codefendants with murder (two counts), attempted murder, residential burglary, and robbery. The People further alleged firearm allegations as to each count.

On December 3, 2021, the court held a preliminary hearing. The facts generally showed that Zhang participated in an armed home invasion robbery in which two people were killed and another person was severely injured. The magistrate found "sufficient evidence to hold to answer as to all counts with the caveat of 664/211 as to any robbery counts . . . as there was no completion of a 211."

On January 21, 2022, the People filed an information charging Zhang and two codefendants with murder (two counts), attempted murder,

---

[1] Undesignated statutory references are to the Penal Code.

residential burglary, and attempted robbery. The People further alleged firearm allegations as to each count.

*Entry of Plea*

On August 2, 2024, Zhang signed a felony plea form. When the matter was called, the trial court said to Zhang, "The paperwork indicates that you now agree to plead guilty to Count 1 of the charging document, a violation of Penal Code Section 187, murder, first-degree murder with premeditation and deliberation, a felony. In exchange, probation would be denied and you'll be sentenced to the prescribed term of 25 years to life in state prison."

The prosecutor interjected, "Your Honor, if I may? Forgive me. I think the Court said premeditated and deliberated. Just so it's clear, it would be under the theory of felony murder, so the Court's aware."

The trial court put the matter over for further call, indicating, "We need more detail."

When the matter was recalled, the court said to Zhang, "I now have a revised advisement form that it appears you've signed and initialed. Let me go through this again with you in detail. Let me describe it again and make sure we understand the same thing.

"This indicates that you'll now plead guilty to Count 1, Penal Code Section 187, murder in the first degree, a felony. You would also be agreeing that you acted as a major participant in a felony, who acted with reckless indifference to human life. As a consequence of your guilty plea, you would be sentenced to 25 years to life in state prison. The other charges will be dismissed. However, you'll also be entering what's called a Harvey waiver,

3

which means that you will still be responsible for restitution related to any dismissed charges. [¶] Is that your understanding of the agreement?" Zhang responded, "Yes."

The court asked Zhang's counsel and the prosecutor if he had summarized their agreement accurately. Zhang's counsel responded in the affirmative and the prosecutor said, "Yes, with a stipulated restitution amount [$1,500]."

The court then made numerous inquiries of Zhang, including whether he had reviewed the felony plea form with his attorney with the assistance of an interpreter, whether he had discussed with his attorney the consequences of his plea, and whether he understood and agreed to waive his constitutional rights (the right to a speedy and public trial, the right to confront witnesses, the right to present a defense, etc.). Zhang responded in the affirmative as to each inquiry.

The following colloquy then took place:

"THE COURT: Okay. Mr. Zhang, as to Count 1 of the Information, a violation of Penal Code Section 187(a), murder in the first degree, a felony, how do you plead? Guilty or not guilty?

"THE DEFENDANT: Guilty.

"THE COURT: And do you also admit that you participated in a felony and that the murder occurred during the commission of that felony and you acted as a major participant in that crime and with reckless indifference to human life? Do you admit that's true?

"THE DEFENDANT: Yes.

"THE COURT: And do both sides stipulate to a factual basis as exists within the preliminary hearing transcript as well as the oral admission

4

that was just made by Mr. Zhang?"

After both sides stipulated, the court said: "After directly examining the defendant, the Court finds he understands the nature of the charges against him and the consequences of his plea. The plea is free and voluntary. He's knowingly and intelligently waived his rights. The Court accepts the guilty plea and will find a factual basis for it." The court then sentenced Zhang "to the prescribed term of 25 years to life in state prison."

*Post-Plea Proceedings*

On August 12, 2024, Zhang's counsel filed a notice of appeal on his behalf. Counsel requested a certificate of probable cause on the form document, stating: "The defendant plead [*sic*] guilty of his charges and waives his right to appeal the guilty plea. [¶] The attorney does not believe there is a bases [*sic*] for filing this appeal. The only bases [*sic*] would be at sentencing. It is being filed as required." The trial court granted the request by checking a box on the form.[2]

On August 15, 2024, an attorney from Appellate Defenders, Inc., filed an amended notice of appeal on Zhang's behalf.

On November 20, 2024, appointed appellate counsel filed a

---

[2] We know of no authority that requires a defendant's counsel to file a notice of appeal and/or request a certificate of probable cause following a defendant's guilty plea. We are also uncertain as to why the trial court granted the request. (See § 1237.5 ["No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty . . . , except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court"].)

*Wende*/*Anders* opening brief raising no arguable issues. Counsel noted three unbriefed issues "to assist the court in conducting its independent review of the record." These issues were: "(1) Was appellant's guilty plea knowing and voluntary? [¶] (2) Did appellant receive effective assistance of counsel in connection with his guilty plea? [¶] (3) Did the trial court provide adequate information to appellant regarding the consequences of his plea, including in a language understood by appellant?"

Appellate counsel averred that he had notified Zhang "of his right to file a supplemental brief." This court has not received a supplemental brief from Zhang.

## II.

## DISCUSSION

When a defendant's appointed appellate counsel identifies no arguable issues on appeal, an appellate court must independently review the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, we have independently reviewed the record on appeal, to include the three unbriefed issues. (See *Anders, supra,* 386 U.S. 738.) We agree with appointed appellate counsel and conclude there are no arguable

6

issues. (See *People v. Johnson, supra*, 123 Cal.App.3d at p. 109.)

Thus, we affirm Zhang's judgment, which was a conviction for first degree murder, with a 25 years to life sentence. (See §§ 187, subd. (a), 190, subd. (a).)

III.

DISPOSITION

The judgment is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

DELANEY, J.

SCOTT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.